UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH HOWARD RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 14-955 JC<br><br>MEMORANDUM OPINION |

**I.   SUMMARY**

On May 21, 2014, plaintiff Seth Howard Richardson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; May 22, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 7, 2010, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 33, 137, 142). Plaintiff asserted that he became disabled on October 3, 2009, due to low back pain, arthritis, high blood pressure, and a skin condition. (AR 33, 170). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 4, 2012. (AR 48-70).

On June 15, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 33-42). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: lumbosacral strain and spondyloarthropathy (AR 35); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 36); (3) plaintiff retained the residual functional capacity to perform a full range of medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) (AR 37); (4) plaintiff could perform his past relevant work as "heavy delivery truck driver" and "driver" (AR 41-42); and (5) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 38).

The Appeals Council denied plaintiff's application for review. (AR 5).

///

///

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

|   |   |
|---|---|
| 1 | experience, allow the claimant to adjust to other work that |
| 2 | exists in significant numbers in the national economy?  If so, |
| 3 | the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ improperly rejected the opinions of his treating physicians. (Plaintiff's Motion at 6-8). The Court disagrees.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among opinions provided by three types of physicians, specifically (1) "those who treat the claimant" (*i.e.*, "treating physicians"); (2) "those who examine but do not treat the claimant" ("examining physicians"); and (3) "those who neither examine nor treat the claimant" ("nonexamining physicians"). Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996)) (quotation marks omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. (citation omitted); see also Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (opinion from treating physician generally given greater weight because such a physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual") (citation and quotation marks omitted).

A treating physician's opinion is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record. . . ." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citing id.). Even if not "controlling," a treating physician's opinion often is "entitled to the greatest weight and should [still] be

///
///

adopted. . . . " Orn, 495 F.3d at 632 (quoting Social Security Ruling ("SSR")[2] 96-2p at *4) (quotation marks omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (quoting Reddick, 157 F.3d at 725) (quotation marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same) (citations omitted); see also Magallanes, 881 F.2d at 751, 755 (ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). An ALJ "must do more than offer [] conclusions." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinion insufficient) (citation omitted). "[The ALJ]

---

[2] Although they do not carry the "force of law," Social Security Rulings are binding on ALJs. See 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citation and internal quotation marks omitted). Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Molina v. Astrue, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings).

must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

### B. Analysis

#### 1. Dr. Faheem Jukaku

In a May 23, 2011 Functional Capacity Questionnaire (Physical), Dr. Faheem Jukaku, one of plaintiff's treating physicians, diagnosed plaintiff with chronic low back pain and essentially opined that plaintiff's impairments and related limitations would prevent plaintiff from performing even sedentary work ("Dr. Jukaku's Opinions"). (AR 376). Plaintiff contends that the ALJ improperly rejected Dr. Jukaku's Opinions. (Plaintiff's Motion at 6-8) (citing AR 376). The Court disagrees.

First, the single-page form prepared by Dr. Jukaku contained only check-the-box opinions. (AR 376). As the ALJ noted, Dr. Jukaku provided no explanation of the evidence upon which he relied to conclude that plaintiff had the noted significant physical limitations. (AR 40, 376). In addition, apart from checking boxes next to boilerplate statements that "[the] patient's signs" included "[p]ositive straight leg raising test" and "[r]educed range of motion" Dr. Jukaku provided no specific clinical findings (*i.e.*, results of objective testing or a physical examination) to support the opinions. (AR 40, 376). The ALJ properly rejected Dr. Jukaku's Opinions on this basis alone. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [medical evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); see also De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009) (ALJ "is free to reject 'check-off reports that d[o] not contain any explanation of the bases of their conclusions.'") (citing id.); see also Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

///

Second, the ALJ also properly rejected Dr. Jukaku's Opinions because they were not supported by the physician's own notes or the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, plaintiff does not identify any treatment notes in the record specifically prepared by Dr. Jukaku. (Plaintiff's Motion at 6-8). The Court finds only one, and that note contains little, if any, mention of the significant physical limitations identified in Dr. Jukaku's Opinions. (AR 405). In addition, as the ALJ suggested, nothing in that note or the record as a whole plausibly supports that plaintiff had any problem with his upper extremities that would warrant Dr. Jukaku's limitations to frequent fingering, grasping, or handling. (AR 40, 405).

Third, the ALJ determined that Dr. Jukaku had a very limited treating relationship with plaintiff, and therefore, that Dr. Jukaku's Opinions were not entitled to the weight generally accorded opinions provided by a "treating" physician. As the ALJ noted, plaintiff had seen Dr. Jukaku, at most, three times over a period of less than three months before Dr. Jukaku's Opinions were prepared. (AR 40, 376). The ALJ was permitted to consider such evidence in determining the weight to give Dr. Jukaku's Opinions. See, e.g., 20 C.F.R. § 404.1527(c)(2)(i) (ALJ may give opinion from treating source greater weight when the "treating source has seen [the claimant] a number of times and long enough to have obtained a longitudinal picture of [the claimant's] impairment . . . ."); 20 C.F.R. § 416.927(c)(2)(i) (same).

///

Finally, the ALJ properly rejected Dr. Jukaku's Opinions in favor of the conflicting opinions of the state-agency examining physician, Dr. Bunsri T. Sophon (AR 345), and the state-agency reviewing physician, Dr. David L. Hicks (AR 320), both of whom essentially determined that plaintiff could do work at the medium level of exertion[3] with no postural or other limitations. The opinions of Dr. Sophon were supported by the physician's independent examination of plaintiff (AR 342-45), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Jukaku's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted). Dr. Hicks' opinions also constituted substantial evidence supporting the ALJ's decision since they were supported by the other medical evidence in the record as well as Dr. Sophon's opinions and underlying independent examination. See Tonapetyan, 242 F.3d at 1149 (holding that opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[R]eports of [a] nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

Accordingly, a remand or reversal on this basis is not warranted.

///

///

---

[3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. [S]itting may occur intermittently during the remaining time." SSR 83-10 at *6.

9

### 2. Dr. Nizar Ibrahim

In an April 18, 2012 Medical Source Statement, Dr. Nizar Ibrahim, one of plaintiff's other treating physicians, diagnosed plaintiff with osteoarthritis, spondyloarthropathy, hypertension, and Hepatitis C, and opined that (1) plaintiff could not sit without squirming; (2) plaintiff could not walk more than one block and used a cane; and (3) plaintiff's overall impairments and related limitations essentially would prevent plaintiff from performing even sedentary work ("Dr. Ibrahim's Opinions"). (AR 388-90). Plaintiff contends that the ALJ improperly rejected Dr. Ibrahim's Opinions. (Plaintiff's Motion at 6-8). The Court disagrees.

First, the form Dr. Ibrahim prepared contained only check-the-box opinions. (AR 388-90). As the ALJ noted, Dr. Ibrahim identified no objective evidence, much less specific clinical findings (*i.e.*, results of objective testing or a physical examination), that supported his conclusions that plaintiff had such significant physical limitations. (AR 40, 388-90). The ALJ properly rejected Dr. Ibrahim's Opinions on this basis alone. See Crane, 76 F.3d at 253; De Guzman, 343 Fed. Appx. at 209 (citation omitted).

Second, the ALJ also properly rejected Dr. Ibrahim's Opinions because they were not supported by the physician's own treatment notes or the record as a whole. See Bayliss, 427 F.3d at 1217 (citation omitted); Connett, 340 F.3d at 875. For example, as the ALJ noted, Dr. Ibrahim's records document few, if any, physical limitations for plaintiff much less any objective findings on physical examination that would plausibly support the significant physical limitations Dr. Ibrahim found for plaintiff. (AR 40, 379-86).

Third, even assuming, as plaintiff suggests (Plaintiff's Motion at 8), that the ALJ erred in discrediting Dr. Ibrahim's Opinions based on the ALJ's personal observation that "[plaintiff] did not squirm until the very end of the . . . hearing" (AR 41); cf. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on personal observation at hearing that claimant did not manifest external

symptoms consistent with alleged impairment constitutes improper "sit and squirm" jurisprudence) (citations omitted), any such error would have been harmless. As discussed above, the ALJ properly discredited Dr. Ibrahim's Opinions regarding <u>all</u> of plaintiff's limitations – which included the opinion that plaintiff "could not sit without squirming" – for other clear and convincing reasons. See <u>Sawyer v. Astrue</u>, 303 Fed. Appx. 453, 455 (9th Cir. 2008) (error in ALJ's failure properly to consider medical opinion evidence considered harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. . . .") (citing <u>Stout</u>, 454 F.3d at 1055);

Fourth, the ALJ was entitled to discount the weight given to Dr. Ibrahim's Opinions based on the brevity of Dr. Ibrahim's treating relationship with plaintiff. <u>See</u> 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).

Finally, for the reasons discussed above, the ALJ properly rejected Dr. Ibrahim's Opinions in favor of the conflicting opinions of the state-agency examining physician, Dr. Sophon, and the state-agency reviewing physician, Dr. Hicks. See <u>Tonapetyan</u>, 242 F.3d at 1149 (citations omitted); <u>Andrews</u>, 53 F.3d at 1041.

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 29, 2014

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE